IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Shyan Barnett, | ) | Civil Action No. 2:18-cv-00204-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Palmetto Heights Management, LLC, | ) | |
| d/b/a Airport Inn; Archdale Development, | ) | |
| LLC; and Kamlesh Shah, individually, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 51.) recommending that the Court grant in part, deny in part Defendants' Motion for Summary Judgment. (Dkt. No. 36.) For the reasons set forth below, the Court adopts the R & R and grants in part, denies in part Defendants' Motion for Summary Judgment.

I. **Background**

Plaintiff, Shyan Barnett, brought the current action against Defendants Palmetto Heights Management, LLC d/b/a Airport Inn, Archdale Development, LLC, and Kamlesh Shah, as an individual, alleging claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On December 27, 2013, Plaintiff was hired as a front desk clerk at the Airport Inn. (Dkt. No. 40 at 3.) (Dkt. No. 36-3 at 40:21–25.) The Airport Inn is owned and operated by Palmetto Heights Management, LLC ("Palmetto Heights"), a South Carolina limited liability company owned by Defendant Kamlesh Shah ("Shah"). Mr. Shah is the sole member of Palmetto Heights. In addition, Mr. Shah is the sole owner and member of

-1-

Defendant Archdale Development, LLC ("Archdale"), which owns and operates a neighboring hotel called the Clarion Inn & Suites ("Clarion").

While employed at the Airport Inn, Plaintiff alleges she was subjected to ongoing sexual harassment. (Dkt. No. 1-1 at 6.) In her deposition, Plaintiff testified that Mr. Shah told her to sell herself and flirt with customers, including leaning over the counter in order to sell more rooms. (Dkt. No. 36-3 at 39: 6–9, 141: 4–10.) She testified that Mr. Shah made comments about her body indicating that her breasts and buttocks were too large. (Dkt. No. 36-3 at 45:21–46:4, 140:24–141:1.) Plaintiff testified that Mr. Shah commented he liked "good sex and money" (Dkt. No. 36-3 at 49: 18–23, 141:19–6) and commented on the female anatomy that a woman's private parts "had to be wet." (Dkt. No. 36-3 at 72: 3–12.) In addition, Plaintiff testified Mr. Shah commented that "women are beneath men, women don't know anything unless a man taught her." (Dkt. No. 36-3 at 66: 11–24.) She indicated Mr. Shah said this "more times that [she] could count." (*Id.*) She testified Mr. Shah also stated on numerous occasions that "women speak when spoken to." (Dkt. No. 36-3 at 140:18–20.) Plaintiff testified that Mr. Shah physically touched her on one occasion when he grazed his backside against Plaintiff's backside. (Dkt. No. 36-3 at 55:9–57:16, 75:1–76:12.) Plaintiff testified that Mr. Shah's comments made her feel uncomfortable, threatened, and intimidated, and despite repeatedly asking him to stop, Mr. Shah continued to make inappropriate comments to Plaintiff. (Dkt. No. 36-3 at 143: 14–144:7.) Plaintiff reported Mr. Shah's behavior to Vivian Faulk, Tiffany Slawson (General Manager), and Thomas Slawson (Regional Manager). (Dkt. No. 36-3 at 51:13–52:12, 54:16–55:5, 79:19–80:6, 144: 8–11.)

In late February or early March 2014, Plaintiff claims that she, Ms. Slawson, and now other former employees met to discuss their personal experiences with Shah's sexual harassment and avenues for recourse for his behavior. (Dkt. No. 40 at 4–5; Dkt. No. 40-1 at 86:14–87:18; Dkt. No.

1-1 at 6.) Subsequently, Plaintiff was terminated on or around March 8, 2014 for allegedly mishandling guestrooms and stealing money from the Airport Inn. (Dkt. No. 40-2 at 53:20–54:10; Dkt. No. 40-1 at 105:2–106:25; Dkt. No. 40-8.) Plaintiff disputes this and claims she was terminated in retaliation for participating in the meeting regarding Mr. Shah's inappropriate behavior toward female employees. (Dkt. No. 40 at 4–5; Dkt. No. 40-1 at 102:17–103:7; Dkt. No. 1-1 at 6; Dkt. No. 40-2 at 52:1–4.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging sex and age discrimination. (Dkt. No. 40-3.) The EEOC determined there was reasonable cause to conclude that Plaintiff was discriminated against because of sex (female/sexual harassment), in violation of Title VII. (Dkt. No. 40-7.) Plaintiff filed a lawsuit on December 27, 2017, (Dkt. No. 1-1) and Defendants removed the case to the United States District Court for the District of South Carolina on January 25, 2018.[1] (Dkt. No. 1.) Defendants filed a motion for summary judgment seeking to dismiss all of Plaintiff's claims. (Dkt. No. 36.) Plaintiff filed a motion in opposition on April 24, 2019 (Dkt. No. 40) and Defendants filed their reply on May 13, 2019. (Dkt. No. 44.) The Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's retaliation claim and claims against the individual Defendant, Mr. Shah, but allow Plaintiff's sexual harassment claim to go forward. (Dkt. No. 51.) Defendants filed timely objections to the R & R on October 15, 2019. (Dkt. No. 52.)

---

[1] In addition to the instant action, two former employees of Mr. Shah have filed companion cases alleging similar claims of sexual harassment and retaliation against the same Defendants named in Plaintiff's Complaint. *See Slawson v. Palmetto Heights Management, LLC, et al*, No. 2:18-CV-00217-RMG-MGB and *Sambrano v. Palmetto Heights Management, LLC, et al*, No. 2:18-CV-00216-RMG-MGB. The instant action was consolidated with these companion cases for discovery purposes only. (Dkt. No. 40 at 1 n.1.)

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Defendants timely filed objections and the R & R is reviewed de novo.

### III. Discussion

With regard to Plaintiff's retaliation claim, the Magistrate Judge ably addressed this issue. Plaintiff failed to allege a claim of retaliation in her initial charge of discrimination with the EEOC. In general, the scope of a lawsuit under Title VII is "defined by the scope of the administrative charge from which it arises and from any findings that arise out of the investigation of the charge." *EEOC v. General Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976). There is an exception to this general rule where a Plaintiff may raise a retaliation claim for the first time in federal court without exhausting her administrative remedies if the discrimination complained of is like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). In this case, Plaintiff's charge alleges that she resigned from her employment due to Mr. Shah's "continuous discriminatory treatment." (Dkt. No. 40-3.) In contrast, Plaintiff now directs the Court to a statement Ms. Slawson alleges that purportedly puts Defendants on notice of potential retaliation from Plaintiff and satisfies Plaintiff's exhaustion requirement for that claim. Ms. Slawson alleges that she was terminated because the "owner found paperwork about the sexual harassment charges

that [she] was putting together for [herself] as well as other female employees." (Dkt. No. 40 at 6–7.) Plaintiff maintains that she is one of those "other female employees." (*Id.*) The Magistrate Judge concluded that Plaintiff's Complaint raises a "completely different theory of liability altogether" from that presented in her original charge" such that the claim should be dismissed for failure to exhaust administrative remedies. (Dkt. No. 51 at 10.) *Tonkin v. Shadow Mgmt., Inc.*, 3:12-CV-00198-JFA, 2014 WL 4063626 at * 4 (D.S.C. Aug. 14, 2014). The Court agrees with the R & R of the Magistrate Judge that Plaintiff's retaliation claim should be dismissed.

With regard to Plaintiff's claims against Mr. Shah, as an individual, the Magistrate Judge correctly concluded these claims are subject to dismissal. Title VII does not provide causes of actions against defendants in their individual capacities. Title VII reads as follows: "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). The statute defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id.* § 2000e(b). The Fourth Circuit has analyzed the definition of "employer" and rejected the notion of individual liability under Title VII. *Lissau v. Southern Food Serv., Inc.* 159 F.3d 177, 180 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities under Title VII violations). As such, the Court agrees with the R & R of the Magistrate Judge that Plaintiff's claim against Defendant Shah, as an individual, should be dismissed.

Upon a review of Plaintiff's claim for sexual harassment and the parties' arguments in support, the Court finds the Magistrate Judge comprehensively addressed this issue. Title VII makes it unlawful for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e–2(a)(1). Sexual harassment is a type of sex discrimination prohibited under Title VII. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). A Plaintiff may establish a hostile work environment based on sexual harassment if the Plaintiff can show the offending conduct was: (1) unwelcome; (2) based on the plaintiff's sex; (3) sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment, and (4) that there is some basis for imposing liability on the employer. *Ocheltree v. Scollon Prods. Inc.*, 335 F.3d 325, 331 (4th Cir. 2003).

In their motion for summary judgment and their objections to the R & R, Defendants argue that Plaintiff fails to allege conduct sufficient to satisfy element three. To establish element three, Plaintiff must show that she subjectively perceived the environment to be abusive, and that the conduct was such that an "objective reasonable person would perceive [the plaintiff's] work environment to be hostile or abusive." *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009). "[W]hen determining whether the harassing conduct was objectively severe or pervasive, [the Court] must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *EEOC. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (internal quotation marks omitted). Plaintiffs must "clear a high bar in order to satisfy the [objective] severe or pervasive test." *Sunbelt*, 521 F.3d at 315. "[I]ncidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Id*. "[R]ude treatment by [coworkers], callous behavior by [one's] superiors, or a routine difference of opinion and personality conflict with [one's] supervisor, are not actionable under Title VII." *Id*. at 315–16 (internal quotation marks and citations omitted). Ultimately, whether the harassment was

sufficiently severe or pervasive to create a hostile work environment is a question of fact for the jury. *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 199–200 (4th Cir. 2000).

Viewing the record in a light most favorable to Plaintiff, the Court finds that a reasonable jury could conclude that Plaintiff was exposed to an objectively hostile work environment while employed at the Airport Inn. *Sunbelt*, 521 F.3d at 315. Plaintiff's deposition testimony reveals that Mr. Shah frequently directed demeaning and sexist commentary to Plaintiff stating things like "women are beneath men, women don't know anything unless a man taught her." (Dkt. No. 36-3 at 66: 11–24.) Plaintiff indicated Mr. Shah said this "more times than she could count." (*Id.*) Plaintiff also testified that Mr. Shah many times stated "women speak when spoken to." (Dkt. No. 36-3 at 140:18–20.) Plaintiff testified that Mr. Shah pressured her to flirt with customers and sell her body by leaning up against the front counter and revealing her breasts. (Dkt. No. 36-3 at 39: 6–9, 141: 1–11.) Plaintiff testified Mr. Shah made offensive commentary regarding the size of her breasts and buttocks. (Dkt. No. 36-3 at 45:21–46:4, 140:24–141:1.) Plaintiff also testified Mr. Shah directed vulgar and sexually explicit commentary toward her. (Dkt. No. 36-3 at 49: 18–23, 141:19–24, 72: 3–12.) Last, Plaintiff testified Mr. Shah grazed her backside while she was working at the front desk. (Dkt. No. 36-3 at 55: 9–57:18.) Plaintiff indicated that Mr. Shah's behavior was offensive, unwanted, and threatening. (Dkt. No. 36-3 at 79:16–17, 143: 13–7.) Taken as a whole, Plaintiff's testimony reveals that Mr. Shah frequently directed offensive sexual comments toward Plaintiff, his employee. *Wheeler v. Virginia*, No. 7:17-CV-00337, 2019 WL 758611, at * 5 (W.D. Va. Feb.20, 2019) ("The Court has explained that the 'status of a harasser may be a significant factor' in measuring the severity of harassing conduct, since harassment perpetrated by a manager or supervisor against a subordinate employee has a 'particularly threatening character.'") Viewed in a light most favorable to Plaintiff, this testimony establishes facts from which a reasonable trier

of fact could conclude that the environment was pervaded with discriminatory conduct aimed to intimidate, ridicule, or insult, thereby creating an abusive atmosphere. *Ocheltree*, 335 F.3d at 331 (stating that a plaintiff may prove sex-based discrimination when she is not subjected to physical touching or sexual propositions.) The Court agrees with the R & R and denies Defendants' motion for summary judgment as to Plaintiff's sexual harassment claim.

In summary, Defendants' motion for summary judgment is granted as to Plaintiff's retaliation claim and claims against Defendant Shah, as an individual. Defendants' motion for summary judgment is denied as to Plaintiff's sexual harassment claim.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R. (Dkt. No. 51.) Defendant's motion for summary judgment (Dkt. No. 36) is **GRANTED IN PART, DENIED IN PART**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 25, 2019
Charleston, South Carolina